IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern District)

| | |
|---|---|
| LOREN HEYWARD<br>713 McGinnis Drive<br>Dover, Delaware 19901 | * |
| | * |
| Plaintiff | * |
| | * |
| v. | *     CIVIL ACTION NO.: |
| | * |
| AMERICAN AIRLINES, INC.<br>1 Skyview Drive<br>Fort Worth, Texas 76155 | * |
| | * |
| SERVE ON:<br>CSC-LAWYERS INCORPORATING<br>SERVICE COMPANY<br>7 St. Paul Street, Suite 820<br>Baltimore, Maryland 21202 | * |
| | * |
| | * |
| | * |
| Defendant | |
| | *   *   *   *   *   *   * |

## COMPLAINT & JURY DEMAND

Plaintiff, LOREN HEYWARD, by her attorneys KREINDLER & KREINDLER LLP and PLAXEN ADLER MUNCY, P.A., as and for her complaint against Defendant, AMERICAN AIRLINES, INC., alleges the following upon information and belief:

## PARTIES

1.      Plaintiff, LOREN HEYWARD, is an individual and resident of Dover, Delaware.

2.      Defendant, AMERICAN AIRLINES, INC. ("AMERICAN"), is a Delaware corporation with its principal place of business located in Fort Worth, Texas.

3.      Defendant, AMERICAN, is authorized to do business in the State of Maryland, with a registered agent for service at 7 St. Paul Street, Suite 820, Baltimore, Maryland 21202.

4.      Defendant, AMERICAN, is a common carrier engaged in the business of

Plaxen Adler Muncy, PA
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

transporting passengers for hire by air.

## JURISDICTION AND VENUE

5.    The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

6.    Jurisdiction is proper under Article 33(1) of the Montreal Convention ("Montreal Convention jurisdiction") because the place of destination of Plaintiff's contract of international carriage was Baltimore/Washington International Thurgood Marshall Airport in Baltimore, Maryland.

7.    This Court has personal jurisdiction over Defendant, AMERICAN, pursuant to Maryland's long-arm statute because Defendant transacts substantial business in the State of Maryland and purposefully availed itself of the privilege of conducting business within Maryland by entering into and performing a contract of international carriage that both originated and terminated in Maryland.  Plaintiff's claims arise directly out of and relate to Defendant's performance of that contract of carriage.

8.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 et seq. because Defendant, AMERICAN, is subject to this court's personal jurisdiction with respect to the instant action.

## FACTS OF THE CLAIM

9.    On June 27, 2024, Plaintiff embarked on a round-trip international itinerary operated by Defendant, AMERICAN, scheduled to originate and terminate at Baltimore/Washington International Thurgood Marshall Airport in Baltimore, Maryland

Plaxen Adler Muncy, PA
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

-2-

("BWI").

10.     The outbound leg was bound for Daniel Oduber Quirós International Airport ("LIR") in Liberia, Costa Rica, with a connecting flight through Charlotte Douglas International Airport ("CLT") in Charlotte, North Carolina.

11.     On June 27, 2024, Defendant, AMERICAN, operated a commercial flight from Charlotte, North Carolina (CLT) to Liberia, Costa Rica (LIR) designated as American Airlines Flight 2539 ("the subject flight").

12.     On June 27, 2024, Plaintiff, LOREN HEYWARD, was a fare-paying passenger traveling aboard the subject flight, accompanied by a Certified Nursing Assistant serving as her medical aide.

13.     The purpose of Plaintiff's trip was to attend the 40th reunion of the Pi Beta chapter of the Delta Sigma Theta sorority, of which she was one of the founding members.

14.     Plaintiff, LOREN HEYWARD, suffers from multiple sclerosis and, as a result of complications from the disease, is unable to stand or walk independently. She uses a wheelchair for mobility and requires the assistance of others to transfer into and out of her wheelchair.

15.     Defendant, AMERICAN, provides wheelchair and mobility assistance to its passengers requiring such accommodations during their travel with the airline.

16.     Defendant, AMERICAN, contracts with various ground handling companies to provide wheelchair assistance to Defendant's passengers, including during the embarkation and disembarkation of Defendant's flights.

17.     When a passenger is unable to walk independently, disembarkation assistance includes a transfer of the passenger from her assigned seat into an "aisle chair," which is then pushed off the aircraft by a member of the ground handling crew. The passenger is subsequently

transferred into a standard-sized wheelchair after exiting the aircraft.

18. Defendant, AMERICAN, policies, procedures, training requirements, and safety protocols governing wheelchair assistance. These are intended, in part, to minimize risk and ensure the safety of passengers during the transfer process.

19. On June 27, 2024, and for some time prior thereto, Defendant, AMERICAN, contracted with the Costa Rican ground handling company Aeroservicios, AS, to provide ground handling services for Defendant at LIR.

20. The aforesaid ground handling services included the wheelchair transportation of passengers with limited mobility onto and off Defendant's aircraft.

21. Before departing on her trip to Costa Rica, Plaintiff, LOREN HEYWARD, confirmed with representatives of Defendant, AMERICAN, that she would be provided with wheelchair assistance throughout the duration of her travel.

22. On June 27, 2024, after the subject flight landed at LIR, four individuals boarded the airplane to assist Plaintiff, LOREN HEYWARD, in disembarking the aircraft.

23. Upon information and belief, those individuals were employees, agents, servants, and/or contractors of Aeroservicios, AS, acting on behalf of Defendant, AMERICAN.

24. As the aforesaid individuals prepared to transfer Plaintiff from her assigned seat into an aisle chair, Plaintiff's aide informed them that Plaintiff had to be hoisted up by the waistband of her pants due to the nature of her disability.

25. Yet shortly thereafter, despite the instructions given by Plaintiff's aide, one of the aforesaid individuals forcefully yanked Plaintiff's right arm in an upward motion in an attempt to lift her out of her seat. Plaintiff felt and heard a "crack" in her upper arm and immediately felt severe pain where her arm had been pulled.

26.     As a result of the ground handler's improper actions during the transfer process, Plaintiff, LOREN HEYWARD, sustained a displaced fracture of the humerus bone in her right arm.

## COUNT I: BODILY INJURY UNDER THE MONTREAL CONVENTION

### A.  Liability Under Articles 17 and 21(1)

27.     Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

28.     The injuries sustained by Plaintiff, LOREN HEYWARD, on June 27, 2024, were the result of an "accident" as defined by Article 17 of the Montreal Convention because her injuries were caused by an unexpected or unusual event or happening external to her, and not by her own internal reaction to the ordinary operation of the aircraft.

29.     As a direct and proximate result of the aforesaid accident, Plaintiff, LOREN HEYWARD, was seriously injured.

30.     As a direct and proximate result of the aforesaid accident, Plaintiff, LOREN HEYWARD, was permanently injured.

31.     As a direct and proximate result of the aforesaid accident, Plaintiff, LOREN HEYWARD, suffered great pain, suffering, and mental anguish, and in the future shall continue to suffer from same.

32.     As a direct and proximate result of the aforesaid accident, Plaintiff, LOREN HEYWARD, was forced to spend great sums of money on medical treatment and in the future shall continue to spend sums of money on same.

33.     As a direct and proximate result of the aforesaid accident, Plaintiff, LOREN HEYWARD, suffered a significant loss of income and earning potential, and in the future shall continue to suffer a significant loss of income and earning potential.

34.     As a direct and proximate result of the aforesaid accident, Plaintiff, LOREN HEYWARD, was deprived of her enjoyment of life, pursuits and interests and in the future shall

**Plaxen Adler Muncy, PA**
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

-5-

continue to be deprived of same.

35.    As a direct and proximate result of the foregoing, Defendant, AMERICAN, is strictly liable pursuant to Article 21(1) of the Montreal Convention for Plaintiff's provable damages up to the amount set forth therein.

### B. Additional Liability Under Article 21(2)

36.    Pursuant to Article 21(2) of the Montreal Convention, Defendant, AMERICAN, is liable for Plaintiff's provable damages in excess of the amount set forth in Article 21(1) unless Defendant establishes either that such damages were not due to the negligence or other wrongful act or omission of Defendant or its servants or agents, or that such damages were solely due to the negligence or other wrongful act or omission of a third party.

37.    Plaintiff's injuries were caused by the negligent acts and omissions of individuals performing wheelchair transfer services on Defendant's behalf during the course of Plaintiff's disembarkation from the subject flight.

38.    Under Article 30 of the Montreal Convention, the negligent acts and omissions of Defendant's servants and agents committed within the scope of their functions are attributable to Defendant.

39.    The individuals who performed Plaintiff's wheelchair transfer were acting within the scope of their functions on behalf of Defendant at the time of Plaintiff's injury. Accordingly, Defendant is not entitled to limit its liability to the amount set forth in Article 21(1) of the Montreal Convention.

40.    As a direct and proximate result of the foregoing, Defendant, AMERICAN, is liable under Article 21(2) of the Montreal Convention for the full value of Plaintiff's provable damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For general and special damages according to proof;

2.    For personal injury damages and property damages according to proof;

Plaxen Adler Muncy, PA
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

3.    For economic damages;

4.    For prejudgment interest to the extent allowed by law;

5.    For costs of suit incurred herein; and

6.    For such other and further relief as the Court may deem proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

PLAXEN ADLER MUNCY, P.A.

Dated: June 26, 2026

*Bruce M. Plaxen /kh*

Bruce M. Plaxen (Federal Bar #05378)
10211 Wincopin Circle, Suite 620
Columbia, Maryland 21044
(410) 730-7737
(410) 730-1615 – facsimile
bplaxen@plaxenadler.com

KREINDLER & KREINDLER LLP

/s/ Erin R. Applebaum

Erin R. Applebaum (*Pro Hac Vice Pending*)
Taylor Sandella (*Pro Hac Vice Pending*)
485 Lexington Avenue, Floor 28
New York, NY 10017
Tel. (212) 973-3430
eapplebaum@kreindler.com
tsandella@kreindler.com
Counsel for Plaintiff

Plaxen Adler Muncy, PA
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737